[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2005
THOMAS K. KAHN
CLERK

**No. 04-12776**

_____

D. C. Docket No. 02-21050-CV-UUB

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

CAPITAL CHOICE CONSUMER CREDIT, INC., a
corporation, d.b.a. National Credit Shopper, d.b.a. NCS,
RICARDO E. MARTINEZ, individually and as an
officer of Capital Choice Consumer
Credit, Inc. and Millennium Communications and
Fulfillment, Inc., et al.,

Defendants-Appellants.

_____

**Appeals from the United States District Court
for the Southern District of Florida**

_____

**(December 7, 2005)**

Before HULL, MARCUS and HILL, Circuit Judges.

**PER CURIAM:**

Capital Choice Consumer Credit, Inc., Millennium Communications and Fulfillment, Ecommex Corp., Hartford Auto Club, Inc., Ricardo Martinez, Johnnie Smith, and Wilfredo Lugo appeal from the district court's order (after a bench trial) entering final judgment against them in the amount of $36,594,684, and granting other equitable relief in an action brought by the Federal Trade Commission for violations of section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. pt. 310. After thorough review, we affirm.

The corporate defendants and Martinez raise six arguments on appeal: (1) that the district court should have construed an April 23, 2002, consent order pendente lite as having permanently resolved the issue of whether the defendants could be ordered to pay consumer redress above the amount of refunds actually requested by consumers; (2) that the FTC's claims under the Telemarketing Sales Rule, 16 C.F.R. § 310.3(b), are barred by the doctrine of claim preclusion in light of a stipulated final judgment that disposed of the FTC's claims against former codefendants E-Credit Solutions, Inc., Scott Burley, and Zentel Enterprises, Inc.; (3) that the district court abused its discretion when it refused to allow the defendants to add an expert witness after the close of discovery; (4) that the district court erred in granting partial summary judgment on the issue of whether the corporate defendants' "Approval Certificate" program was a deceptive marketing

2

practice in violation of section 5(a) of the FTC Act; (5) that the district court committed clear error in finding that the corporate defendants' "Earn-a-Bankcard" program was a deceptive marketing practice in violation of section 5(a) of the FTC Act and an abusive telemarketing practice under the Telemarketing Sales Rule, 16 C.F.R. § 310.4, and, finally, (6) that the district court committed clear error in imposing personal liability on Martinez for violations associated with the Approval Certificate and Earn-a-Bankcard programs.

Appellant Smith has adopted the arguments raised about corporate liability and the effect of the consent order pendente lite. Additionally, he argues (7) that the district court committed clear error in finding him individually liable for violations associated with the Approval Certificate program, the Earn-a-Bankcard program, the upsale program, and unauthorized bank account debits. Finally, appellant Lugo argues that (8) the district court erred in finding him individually liable for violations associated with the Earn-a-Bankcard program, the upsale program, and unauthorized bank account debits.

We have carefully reviewed the record and the arguments of the parties. As for issues (2), (4), (5), (6), (7), and (8), we affirm based on the detailed findings and thoroughly explained reasoning the district court provided in its orders of February 19, 2004, June 2, 2003, and May 4, 2004. As for issue (1) -- the effect of

the district court's April 23, 2002, consent order pendente lite -- we find the appellants' argument unpersuasive. The April 23, 2002 order itself is unambiguously labeled as an order pendente lite governing the parties only during the course of the litigation. Nothing in the order or in the transcript of the preliminary injunction hearing leading up to the preliminary agreement underlying the April 23, 2002 order suggests that either of the parties contemplated any final settlement on liability or remedies.

As for issue (3) -- the district court's refusal to allow the addition of a late-disclosed expert witness -- we can discern no abuse of discretion. We have repeatedly recognized "the basic principle that an appellate court must afford the district court's gatekeeping determinations 'the deference that is the hallmark of abuse-of-discretion review.'" United States v. Frazier, 387 F.3d 1244, 1248 (11th Cir. 2004) (en banc) (quoting Gen. Elec. Co. v. Joiner, 522 U.S. 136, 143 (1997)). Appellants sought to add an expert witness (Dr. Yoram Wind) only 25 days before the trial was scheduled to begin, discovery having closed, and in violation of the court's scheduling order. Under these circumstances we can discern no error, let alone an abuse of the trial court's broad discretion in controlling the admissibility of expert testimony.

In short, we affirm the judgment of the district court in all respects.

**AFFIRMED.**

4